IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK MOSLEY,

        Plaintiff,                      No. 2:12-cv-2681 JAM CKD P

    vs.

BROYLES,

        Defendant.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28

1

1  U.S.C. § 1915(b)(2).

2       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

4       A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

5       In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff alleges that on February 15, 2011, when he was transferred to Administrative Segregation at San Quentin State Prison, defendant Broyles, a correctional officer at San Quentin, asked plaintiff to sign a property inventory. When plaintiff refused, Broyles confiscated plaintiff's fan, hot pot, and other personal property. Plaintiff further alleges that two unnamed correctional officers at High Desert State Prison[1] took plaintiff's shoes when he was transferred to HDSP in May 2011 and told them they would be returned to him, but the shoes were not returned. Plaintiff alleges that these defendants violated CDCR policy, state law, and plaintiff's federal rights to equal protection and due process of law.

The violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over

---

[1] "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Moreover, absent a name, the court is unable to order service of process on the individual.

3

state law claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533. California provides such a remedy.  Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam).  Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987).

Here, plaintiff's allegations that defendants violated state laws or policies are not cognizable under section 1983.  Plaintiff also alleges an unauthorized intentional or negligent deprivation of his property by unnamed state employees at HDSP.  This is not a violation of the Due Process Clause of the Fourteenth Amendment because California provides a meaningful post-deprivation remedy for the loss.

As to defendant Broyles, plaintiff attaches a property inventory form dated February 15, 2011 and signed by Broyles, stating that the following property was confiscated:

    1 reading lamp = wrong name

    1 Sony headphones = wrong name

    1 hot pot = wrong name

    1 fan = altered - no name

    1 Curtis radio - scratched name

1         2 [illegible] port extension cords = wrong name

2         1 denim pants = altered worn out

(Dkt. No. 1 at 22.) Section 54030.12.1 of the CDCR Adult Institutions, Programs, and Parole Operations Manual ("DOM") provides that inmate's personal property items must be registered under the inmate's name and number. Section 54030.12.2 provides that "[u]nauthorized inmate personal property, including that which is altered, exceeds volume limitations, or is beyond repair, shall be disposed of in accordance with the provisions of this section." (2012 DOM available at http://www.cdcr.ca.gov/Regulations/Adult_Operations/DOM_TOC.html.) From the attachments to the complaint, it appears that, insofar as Broyles' confiscation of plaintiff's property was an "authorized, intentional" deprivation, it was permissible under the reasonable regulations cited above. Thus plaintiff fails to state a federal due process claim as to this defendant.

        While plaintiff has failed to state a cognizable claim as to any defendant, he will be granted an opportunity to amend the complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

1  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
2  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
3  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       Furthermore, any amended complaint shall not include allegations unrelated to the claims that are the subject of this action.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 7) is granted;

       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

       3.  The complaint (Dkt. No. 1) is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: February 13, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
mosl2681.B