IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK MOSLEY,

        Plaintiff,                      No. 2:12-cv-2681 CKD P

    vs.

BROYLES,

        Defendant.               <u>ORDER</u>

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to this court's jurisdiction. (Dkt. No. 6.) Before the court is plaintiff's First Amended Complaint ("FAC") filed March 13, 2013. (Dkt. No. 12.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

\\\\\

1

Here, the court finds that the FAC fails to cure the defects of the original complaint as set forth in the screening order issued February 14, 2013.  (Dkt. No. 9.)  Plaintiff alleges that defendant Broyles "made the sole decision to confiscate [plaintiff's] property" in violation of established state procedures.  (Dkt. No. 12.)  However, an unauthorized intentional deprivation of property by a state employee does not constitute a violation of federal due process if the state provides a meaningful post-deprivation remedy for the loss.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq..

Plaintiff asserts that he tried to appeal the confiscation of his property through the prison grievance procedure, but did not receive a response.  Inmates do not have a Constitutional right to a specific prison grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Thus plaintiff fails to state a section 1983 claim on this basis.

Finally, plaintiff's allegations that defendant violated state laws or policies are not cognizable under section 1983.

Because plaintiff has failed to a state a claim under section 1983, and the court concludes that another round of amendment would be futile, the court will dismiss this action with prejudice.  See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (court need not grant leave to amend if amendment would be futile).

In accordance with the above, IT IS HEREBY ORDERED THAT the First Amended Complaint (Dkt. No. 12) be dismissed with prejudice, and this action is closed.

Dated: April 23, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
mosl2681.FAC